IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**JEAN REISCH-ELVIN,**
        Plaintiff

v.                                                      Civil Action No. 2:05cv237

**PROVIDENT LIFE AND ACCIDENT**
**INSURANCE COMPANY,**
        Defendant

## ORDER AND OPINION

Presently before the Court is Defendant Provident Life and Accident Insurance Company's Motion to Dismiss. For the reasons stated herein, Defendant's Motion is **DENIED**.

### I. Facts and Procedural Background

Plaintiff Jean Reisch-Elvin participated in an employee welfare benefit plan through her employer, Sentara Healthcare. Under this plan, Plaintiff obtained a life insurance policy issued by Defendant Provident, and Plaintiff's husband was a named insured under this policy. The policy provided Plaintiff with a death benefit of $10,682.00 in the event her husband died of natural causes; it provided an additional death benefit of $10,682.00 in the event her husband died of an accident. Pl.'s Mot. for J. ¶ 3.

On December 28, 2002, Plaintiff Jean Reisch-Elvin's husband died in a car accident. On September 8, 2004, Defendant Provident paid Plaintiff the death benefit of $10,682 but refused to pay the additional accidental death benefit of another $10,682. Id. ¶ 6. Plaintiff exhausted her administrative appeals with Defendant Provident on January 24, 2005. Id. ¶ 8. On March 30, 2005,

Plaintiff filed a Motion for Judgment in the Circuit Court of the City of Virginia Beach alleging that Defendant Provident violated the terms of her life insurance policy when it denied her the accidental death benefit. According to Plaintiff, Defendant Provident denied the additional accidental death benefit because it has alleged that Plaintiff's husband died from an accident that occurred while he was driving under the influence of alcohol. Id. ¶ 5, 6. Plaintiff states:

> The accidental death benefit provisions of the subject insurance policy contains no exceptions for loss resulting from the insured's being drunk, or under the influence of alcohol, as required by Virginia code § 38.2-3508(11) Provision 11.

Id. ¶ 7. Plaintiff requests $10,682, attorney's fees, and costs for "bad faith." Id. ¶ 9.

Defendant Provident filed a Notice of Removal and a Motion to Dismiss on April 19, 2005, asserting that this Court has federal question jurisdiction in this case because Plaintiff's claim arises out of an employee welfare benefit plan, which is governed by ERISA. Defendant also filed a Motion to Dismiss, maintaining that Plaintiff's claim is based solely on state law and that ERISA preempts state law claims. Def.'s Br. in Supp. of Mot. to Dismiss at 4. On May 10, 2005, in her "Response to Defendant's Motion to Dismiss," Plaintiff acknowledges that ERISA's purpose "is to protect employee benefit plans and their beneficiaries and to subject such plans to a national uniform law." Pl.'s Resp. to Def.'s Mot. to Dismiss at 2. Plaintiff also states that her "action is based upon the contract and is not derived from any state law." Id. Defendant did not file a Reply to Plaintiff's Response. The matter is now ripe for judicial determination.

**II.     Analysis**

    **A.     Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) permits a party to move the court to dismiss an action if the plaintiff fails to state a claim upon which relief can be granted. The function of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. Neitzke v. Williams, 409 U.S. 319, 326-27 (1989). When considering a motion made pursuant to Rule 12(b)(6), the court is generally limited to a review of the pleadings filed in the case. Exhibits attached to the pleadings are considered a part of the complaint. Fed. R. Civ. P. 10(c).

The United States Court of Appeals for the Fourth Circuit has held that a motion to dismiss under Rule 12(b)(6) should only be granted in "very limited circumstances." Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989). Dismissal is appropriate, however, if it appears that the plaintiff is not "entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." Harrison v. United States Postal Serv., 840 F.2d 1149, 1152 (4th Cir. 1988) (allowing a participant or beneficiary of an employee welfare plan to bring a civil action to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan. . . ."); Davis v. Hudgins, 896 F. Supp. 561, 566 (E.D. Va. 1995) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Schatz v. Rosenberg, 943 F.2d 485, 489 (4th Cir. 1991). When reviewing the legal sufficiency of a complaint, the Court must construe the factual allegations "in the light most favorable to plaintiff." Schatz, 943 F.2d at 489 (quotation omitted); Davis, 896 F. Supp. at 566 (citing Martin Marietta Corp. v. Int'l Telecomm. Satellite Org., 991 F.2d 94, 97 (4th Cir. 1992)). Thus the plaintiff's "failure" to specifically "identify the provision permitting recovery is not fatal." De Sole v. United States, 947 F.2d 1169, 1177 (4th Cir. 1991).

B.  **ERISA and Plaintiff's Motion for Judgment**

As the United States Court of Appeals for the Fourth Circuit has explained, pursuant to 29 U.S.C. § 1144(a), all state laws "relating to" an employee welfare benefit plan are preempted by ERISA. Metropolitan Life Ins. Co. v. Pettit, 164 F.3d 857, 861 (4th. Cir. 1998). ERISA defines state law to include "any laws, decisions, rules, regulations or other State action having the effect of law, of any State." 29 U.S.C. § 1144(c)(1). A breach of contract claim arising out of an ERISA plan is clearly within ERISA's preemptive scope, and such a claim is nothing more than a claim for benefits which is provided for under Section 502 of ERISA. See 29 U.S.C. § 1132(a)(1)(B)[1]; see also Ackerman v. Fortis Benefits Ins. Co., 254 F. Supp. 2d 792, 815 (S.D. Ohio 2003); Delong v. Teacher's Ins. and Annuity Ass'n, 2000 WL 426193, *2 (E.D. Pa. 2000). Unsurprisingly, actions to recover benefits "are the most frequent ERISA suits." ERISA: A COMPREHENSIVE GUIDE 2d. § 8.03.

Plaintiff concedes in her Response to Defendant Provident's Motion to Dismiss that ERISA governs this case, pointing to ERISA's purpose and reformulating her action as "based upon the contract and is not derived from any state law." Pl.'s Resp. to Def.'s Mot. to Dismiss at 2. Defendant Provident, however, maintains that this Court should grant its motion to dismiss because Plaintiff has sought "recovery of damages based on state law causes of action." Def.'s Mot. to Dismiss at 3. In essence, Defendant argues that, because Plaintiff's Motion for Judgment seeks recovery based solely on a state law cause of action, such a claim is preempted by ERISA and thus should be

---

[1] Section 1132(a)(1)(B) of Title 29 allows a "participant" or "beneficiary" of an "employee welfare plan" to bring a civil action to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan. . . .

4

dismissed.  Defendant Provident points to two unpublished opinions to support this position.

This Court **DENIES** Defendant Provident's Motion to Dismiss.  It is well-established that motions to dismiss are to be construed in the plaintiff's favor and "failure specifically to identify the provision permitting recovery is not fatal."  De Sole, 947 F.2d at 1177.  More specifically, in the ERISA context, various courts have repeatedly concluded that, if the claim is completely preempted by ERISA, a "complaint states an ERISA claim without expressly pointing to the ERISA" statute when a plaintiff seeks to recover ERISA-governed benefits.  Vickery v. United Medical Resources, Inc., 43 F.3d 1208, 1209 (8th Cir. 1994) (concluding that the plaintiff's allegation that the ERISA-governed plan was responsible for the medical bills was adequate to invoke ERISA); see also Crull v. GEM Ins. Co., 58 F.3d 1386, 1391 (9th Cir. 1995) (holding that the "pleadings need not identify any particular legal theory under which recovery is sought" and that a complaint alleging that medical expenses were covered by an insurance policy was adequate for the purposes of ERISA); Bartholet v. Reishauer A.G. (Zurich),  953 F.2d 1073, 1078 (7th Cir. 1992) (denying a motion to dismiss when a claim, governed by ERISA, stated only state law claims); Carland v. Metropolitan Life Ins. Co., 935 F.2d 1114, 1119 (10th Cir. 1991) (holding that "[a] state law claim will convert to a federal claim only if the claim is preempted by ERISA and within the scope of ERISA's civil enforcement provisions"); Ackerman, 254 F. Supp. 2d at  815 (concluding that it was not necessary for participant to expressly amend complaint to state claim for benefits under ERISA, where insurer, which argued claim was completely preempted, was fully aware of participant's claim for benefits under ERISA); Murphy v. Metropolitan Life Ins. Co., 152 F. Supp. 2d 755, 758 (E.D. Pa. 2001) (converting plaintiff's state law claim into an ERISA claim subsequent to the defendant's removal because the allegations clearly constituted an action under ERISA); Delong, 2000 WL at *4

(concluding that, even though plaintiff maintained it asserted a state law claim, "the gravamen of plaintiff's complaint, that is, a dispute regarding the amount of life insurance proceeds due, is actionable under ERISA" and converting plaintiff's claim into a federal claim under ERISA).

Indeed, as several courts have observed, a defendant cannot have it "both ways" by advocating first for removal because ERISA governs the claim and then arguing that an ERISA claim has not been stated, requiring it to be dismissed because it is preempted by ERISA. Vickery, 43 F.3d at 1210 (Hansen, J. concurring). As the United States Supreme Court has held, an ERISA defense is removable because the statute "completely preempts" state law despite the "well-pleaded" complaint rule which generally disallows removal when a federal defense is made to a state cause of action. Aetna Health Inc. v. Davilla, 124 S.Ct. 2488, 2496 (2004); Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987). This removal benefit given to defendants, however, only goes so far. When a plaintiff asserts a state claim governed by ERISA, "a defendant cannot remove an action on the basis that it states a claim under ERISA, and then move to dismiss on the basis that it is preempted by ERISA, the very statute which gave it life." Ackerman, 254 F. Supp. 2d at 815. "ERISA cannot be both the match which sparks a claim's fire and the bucket of water used to extinguish it." Id. at 817.

Moreover, the unpublished opinion and the unpublished order Defendant Provident relies upon do not support its assertion that, as a rule, claims based solely on state law should be dismissed when those claims are preempted by ERISA. The first opinion cited by Defendant, Fairfax Pathology Assoc. v. Aetna Health Inc., Civ. Action 02-1576-A (E.D. Va. June 11, 2003) (Brinkema, J.), was an unopposed motion to dismiss, unlike the case here. Judge Brinkema in that case also concluded that the plaintiff, who rendered medical services to a plan participant, lacked standing

6

because it was not a "participant" or "beneficiary" of the plan; that the plaintiff failed to allege a valid assignment of benefits from the actual participant; and that the plaintiff failed to allege exhaustion of administrative remedies.  Id. at 2.  None of the problems Judge Brinkema identified in that case are present here.  Notably, with respect to the individual participant who was the actual plan beneficiary, Judge Brinkema dismissed the lawsuit without prejudice to her ability to bring a claim.  Id.  Judge Brinkema's decision was clearly designed to give the actual beneficiary the opportunity to pursue the benefits to which she might have been entitled to receive under ERISA.

The second case cited by Defendant Provident, Hunt Country Nursing Servs. v. Aetna US Healthcare, Inc., Civ. Action 02-102-a (E.D. Va. Sept. 20, 2002) (Ellis, J.) is a one-page order.  It relies on "the reasons stated from the Bench" after a hearing on the matter and provides no other explanation other than that ERISA preempted the claim as to why the Court made the decision it did.  Although Judge Ellis did not state this in his order, this Court observes that there is no indication, unlike the case at bar, that the plaintiff in that case conceded that ERISA governed.  Additionally, Hunt Country Nursing Servs. is similar to Fairfax Pathology Assoc., as the plaintiff, a medical services provider, brought the claim instead of the actual plan beneficiary.  That is not the situation here.

Therefore, in a case such as this one, where the defendant has characterized the case as a suit for benefits governed by ERISA, and the plaintiff, in response, has agreed with the defendant that ERISA governs, the Court concludes it would be "overly formalistic" to hold that the plaintiff has failed to state a claim under ERISA.  Vickery, 43 F.3d at 1209.  Courts are to construe pleadings "so as to do substantial justice," Fed.R.Civ.P. 8(f), and, in this case, the "more practical as well as the speedier and less expensive approach" is to convert Plaintiff's claim into an ERISA claim.  Murphy,

7

152 F. Supp. 2d at 758. The sole substantive issue in this case is whether Plaintiff is entitled to an insurance benefit arising out of a employee welfare plan. As in Murphy, Plaintiff's allegations clearly state a claim for relief under Section 502 of ERISA "even though there is no specific reference to the statute." Id. at 759. See 29 U.S.C. § 1132(a)(1)(B).

For these reasons, this Court **FINDS** that Plaintiff's breach of contract claim for benefits must be re-characterized as an ERISA claim. See Ackerman, 254 F. Supp. 2d at 820; Murphy, 152 F. Supp. 2d at 758. Accordingly, the Court **DENIES** Defendant's Motion to Dismiss.

The Clerk of the Court is **DIRECTED** to send a copy of this Order to Plaintiff and to all counsel of record.

**IT IS SO ORDERED**.

_____/ s /_____
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia

June 3rd, 2005